**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BI SONG HUANG,
                *Petitioner-Appellant,*

v.

JOHN ASHCROFT, Attorney General,
                *Respondent-Appellee.*

No. 03-16730

D.C. No.
CV-03-03079-MJJ

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Northern District of California
Martin J. Jenkins, District Judge, Presiding

Argued and Submitted
November 3, 2004—San Francisco, California

Filed December 7, 2004
Amended January 31, 2005

Before: William C. Canby, Jr., Pamela Ann Rymer, and
Michael Daly Hawkins, Circuit Judges.

Opinion by Judge Rymer

1239

**COUNSEL**

James Todd Bennett, El Cerrito, California, for the petitioner-appellant.

Edward A. Olsen, Assistant United States Attorney, San Francisco, California, for the respondent-appellee.

---

**ORDER**

The government's motion for clarification or amendment of the panel opinion is GRANTED. The opinion filed December 7, 2004, and appearing at 390 F.3d 1118 (9th Cir. 2004), slip op. 16557, is ordered amended as follows:

At 390 F.3d 1118, 1121, slip op. at 16562, after the sentence that reads "Withholding entitles the alien to remain indefinitely in the United States and eventually to apply for permanent residence; deferral also prevents removal, but confers no lawful or permanent status." insert a new footnote that reads: "However, neither withholding nor deferral of removal prevents the government from removing an alien to a third country other than the country to which removal was withheld or deferred. *See Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004); *see also* 8 C.F.R. §§ 208.16(f); 208.22."

---

**OPINION**

RYMER, Circuit Judge:

This appeal raises the question whether all motions to reopen proceedings that resulted in a final order of removal before March 22, 1999 to seek protection under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT) are sub-

ject to the time limitation imposed by 8 C.F.R. § 208.18(b)(2) without regard to the form of protection — withholding of removal or deferral of removal — to which the alien, if successful, would be entitled.

Bi Song Huang, a native and citizen of China, was ordered removed before March 22, 1999, but failed to file a motion to reopen with the Board of Immigration Appeals (BIA) to present a CAT claim by June 21, 1999, the last date for doing so under § 208.18(b)(2). He petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, which the district court denied because Huang had not exhausted administrative remedies. Huang argues that only applications for withholding of removal — not for deferral of removal — are encompassed within the literal language of § 208.18(b)(2) but regardless, he should not be required to exhaust before seeking habeas relief. We hold that the time limit in § 208.18(b)(2) applies to all claims for protection under CAT based on pre-March 22, 1999 removal orders, without regard to the form of relief that might be granted. We also conclude that exhaustion is required for CAT claims of this sort, where prudential considerations counsel in favor of administrative review and development of an administrative record. Accordingly, we affirm.

I

Huang's petition for habeas relief alleges that he was persecuted when he discovered that the factory where he worked used prison labor in violation of Chinese law and told the head of the factory, who was a local government official and whose father was the mayor of Kaiping, about it. He and his wife decided to leave China; they used his wife's multipurpose tourist visa to travel to Hong Kong, then to Saipan, where they stayed for about ten months, and finally to New York on July 24, 1993. Huang requested political asylum, which was denied. He was placed in exclusion proceedings, and on December 13, 1995, an Immigration Judge (IJ) found Huang to be excludable and ordered deportation. Finding no

past persecution or well-founded fear of future persecution, the BIA dismissed Huang's appeal on April 8, 1997. The First Circuit denied his petition for review.

On February 28, 2003, Huang pled guilty in the United States District Court for the Northern District of California to one count of laundering monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and was sentenced to 33 months imprisonment. Upon completion of his sentence Huang sought habeas relief on the ground that execution of the final administrative order of deportation violates Article 3 of CAT. The district court denied the petition. It reasoned that CAT claims must be brought before the BIA in a motion to reopen proceedings, *Khourassany v. INS*, 208 F.3d 1096, 1099 (9th Cir. 2000), and that regulations implementing CAT provided aliens in Huang's position an opportunity to reopen proceedings for the purpose of seeking protection under CAT so long as the motion was filed on or before June 21, 1999. Huang timely appealed.

II

Huang argues that he could seek only deferral of removal because his conviction made him ineligible for withholding, and that the deadline for filing motions to reopen in § 208.18(b)(2) applies only to applicants who seek withholding of removal under § 208.16(c). In his view, applications for deferral of removal under § 208.17(a) are constrained by § 1003.2(c)(2)'s ninety-day limitation, if by anything at all. Thus, he maintains, he was left without an administrative remedy.

[1] The United States signed the Convention Against Torture on April 18, 1988, and Congress passed the Foreign Affairs Reform and Restructuring Act (FARRA) in 1998 to implement Article 3 of CAT. Pub. L. No. 105-277, Div. G., Title XXII, 112 Stat. 2681-822 (Oct. 21, 1998) (codified as Note to 8 U.S.C. § 1231). Section 2242 of FARRA directed

agencies to promulgate regulations implementing CAT, which the (now former) Immigration & Naturalization Service did in February 1999. *See* Regulations Concerning the Convention Against Torture, 64 Fed. Reg. 8478, 8482-8483 (February 19, 1999) (codified at various parts of 8 C.F.R.); 8 C.F.R. §§ 208.16-208.18.[1]

**[2]** The regulations created a new form of withholding of removal under § 208.16(c), available only to aliens who are not barred from eligibility under FARRA for having been convicted of a "particularly serious crime" or of an aggravated felony for which the term of imprisonment is at least five years, and another form of protection called "deferral of removal" under § 208.17(a), for aliens entitled to protection but subject to mandatory denial of withholding. Withholding entitles the alien to remain indefinitely in the United States and eventually to apply for permanent residence; deferral also prevents removal, but confers no lawful or permanent status.[2] Sections 208.16(c) and 208.17(a) are applicable to aliens such as Huang who are under an order of removal that became final before March 22, 1999 and who move to reopen proceedings "for the sole purpose of seeking protection under § 208.16(c)."[3] However, the motion to reopen cannot be

---

[1]The regulations have since been renumbered as §§ 1206-08, but we cite to the regulations as they were as of 1999.

[2]However, neither withholding nor deferral of removal prevents the government from removing an alien to a third country other than the country to which removal was withheld or deferred. *See Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004); *see also* 8 C.F.R. §§ 208.16(f); 208.22.

[3]Section 208.18(b) provides in pertinent part:

(b) *Applicability of §§ 208.16(c) and 208.17(a)—*

(1) *Aliens in proceedings on or after March 22, 1999.* An alien who is in exclusion, deportation, or removal proceedings on or after March 22, 1999 may apply for withholding of removal under § 208.16(c), and, if applicable, may be considered for deferral of removal under § 208.17(a).

(2) *Aliens who were ordered removed, or whose removal orders became final, before March 22, 1999.* An alien under a final

granted unless it is filed by June 21, 1999 and the evidence establishes a prima facie case that removal must be withheld or deferred. 8 C.F.R. § 208.18(b)(2)(i) and (ii).

Huang's argument turns on the language in § 208.18(b)(2) that an alien whose removal order became final before March 22, 1999 may move to reopen "for the sole purpose of seeking protection *under § 208.16(c)*." 8 C.F.R. § 208.18(b)(2) (emphasis added). He reasons that § 208.16(c) describes eligibility for *withholding of removal* under CAT, whereas *deferral of removal* is treated in § 208.17(a). From this he infers that the time limit in § 208.18(b)(2) applies to applicants for *withholding* but not for *deferral*.

We disagree that this is a reasonable reading. An alien whose removal order became final prior to March 22, 1999 seeks protection under CAT by moving to reopen to seek protection under § 208.16(c) and, if applicable, is considered for deferral. An alien must first establish that he is entitled to protection before the form of protection becomes relevant. Section 208.16(c) sets out the procedures by which aliens establish their entitlement to protection; the procedures are the same no matter whether the form of protection turns out to be withholding or deferral. If an alien establishes that he is enti-

---

order of deportation, exclusion, or removal that became final prior to March 22, 1999 may move to reopen proceedings for the sole purpose of seeking protection under § 208.16(c). Such motions shall be governed by §§ 3.23 and 3.2 of this chapter, except that the time and numerical limitations on motions to reopen shall not apply and the alien shall not be required to demonstrate that the evidence sought to be offered was unavailable and could not have been discovered or presented at the former hearing. The motion to reopen shall not be granted unless:

(i) The motion is filed within June 21, 1999; and

(ii) The evidence sought to be offered establishes a prima facie case that the applicant's removal must be withheld or deferred under §§ 208.16(c) or 208.17(a).

. . .

tled to protection, subsection (4) of § 208.16(c) governs the form:

> Protection under the Convention Against Torture will be granted either in the form of withholding of removal or in the form of deferral of removal. An alien entitled to such protection shall be granted withholding of removal unless the alien is subject to mandatory denial of withholding of removal under paragraphs (d)(2) or (d)(3) of this section. If an alien entitled to such protection is subject to mandatory denial of withholding of removal under paragraphs (d)(2) or (d)(3) of this section, the alien's removal shall be deferred under § 208.17(a).

Section 208.17(a), in turn, makes clear that while deferral is a separate *form* of protection, it is not an independent *basis* upon which entitlement exists. Instead, as § 208.17(a) indicates on its face, deferral may be granted only after the alien has shown that he is entitled to protection under § 208.16(c):

> An alien who: has been ordered removed; has been found under § 208.16(c)(3) to be entitled to protection under the Convention Against Torture; and is subject to the provisions for mandatory denial of withholding of removal under § 208.16(d)(2) or (d)(3), shall be granted deferral of removal to the country where he or she is more likely than not to be tortured.

8 C.F.R. § 208.17(a).

**[3]** Thus, the window to reopen final orders afforded by § 208.18(b)(2) applies to both §§ 208.16(c) and 208.17(a). Because § 208.18(b)(2) was in the nature of a grace period for orders long since final, its grace was limited to a motion to reopen that sought CAT protection under § 208.16(c). Section 208.16(c) is the funnel because that provision contains the

procedures for determining eligibility for protection under CAT, and for deciding the form of protection if entitlement is established.

This construction is reinforced by the commentary to the interim rule set out in §§ 208.16-.18, which emphasizes that aliens who seek protection under CAT do not separately apply for deferral. The process is explained as follows:

> Before determining whether the bars described in section 241(b)(3)(B) of the Act apply to withholding removal of an alien under the Convention Against Torture, the immigration judge is required to find whether the alien is likely to be tortured in the country of removal. Only after this finding is made does the immigration judge decide, as required by § 208.16(d), whether the statutory bars to withholding of removal apply. If the bars do not apply, the immigration judge will grant withholding of removal to an alien who has been determined to be likely to be tortured in the country of removal. If the immigration judge finds that the bars apply, § 208.17(a) requires the immigration judge to defer removal of an alien to a country where the alien is likely to be tortured. The alien need not apply separately for deferral because this form of protection will be accorded automatically, based on the withholding application, to an alien who is barred from withholding but is likely to be tortured in the country of removal.

Regulations Concerning the Convention Against Torture, 64 Fed. Reg. at 8481.

[4] In sum, the window for moving to reopen removal orders that became final before March 22, 1999 applies to any alien seeking protection under CAT. So long as he did so in time, Huang could have moved to reopen to seek protection

under CAT regardless of whether deferral or withholding would have been the form of relief had he established his right to protection. Accordingly, he had an administrative remedy. However, he failed to file a motion to reopen by June 21, 1999. Therefore, Huang did not exhaust the available remedies.

## III

**[5]** Huang argues that he is not required to exhaust because a motion to reopen is a discretionary remedy. While we agree that motions to reopen are discretionary and statutory exhaustion requirements apply only to remedies available to an alien as of right, 8 U.S.C. § 1252(d)(1); *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 880-81 (9th Cir. 2003), "we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001). Prudential limits are "ordinarily not optional." *Id.* Factors that weigh in favor of requiring exhaustion include whether "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Noriega-Lopez*, 335 F.3d at 881 (quoting *Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir. 1990)). Here, all three are present.

We have an undeveloped record. The existing administrative record pertains only to Huang's application for asylum, but CAT determinations are different. They are fact-specific, and differ from asylum determinations because an alien who has been found ineligible for asylum does not necessarily fail to qualify for relief under CAT. *See Kamalthas v. INS*, 251 F.3d 1279, 1280, 1283 (9th Cir. 2001).

The BIA has expertise in evaluating torture claims, particularly those arising under CAT, and the responsibility for ensuring that decisions about Article 3 are uniform and consistent. If need be, it could have remanded for further proceedings before an immigration judge to generate a proper record. However, Huang bypassed the process. To allow him to proceed now would subvert the procedure set up to permit CAT claims by aliens whose removal orders had become final before March 22, 1999, and would effectively render the filing deadline a nullity. This we should not sanction. We have previously recognized that a party may not satisfy administrative exhaustion requirements "simply by waiting for the [applicable filing] period to run and then filing an action in district court." *Stock West Corp. v. Lujan*, 982 F.2d 1389, 1394 (9th Cir. 1993).

Finally, even though reopening was not available as of right, we cannot say that filing a motion to reopen would have been unlikely to preclude the need for judicial review. Unlike other requests to reopen, for reopening to seek CAT protection Huang needed only to make a prima facie showing that it was more likely than not that he would be tortured if removed to China — not that this evidence was newly discovered or could not have been presented at the former hearing. *See* 8 C.F.R. § 208.18(b)(2).

**[6]** As Huang could have, and should have, exhausted his claim for CAT protection, habeas corpus is not the only appropriate means of relief available. We therefore decline to consider whether he has made out a prima facie case for relief under CAT.

AFFIRMED.