**Jagmohan SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–72673.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 20, 2007.

Filed May 10, 2007.

---

George T. Heridis, Esq., Pouneh Ghaffarian, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kristin K. Edison, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Circuit Judge, TROTT, Circuit Judge, and FEESS *, District Judge.

### MEMORANDUM **

Jagmohan Singh appeals from a Board of Immigration Appeals ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and ordering him removed as an alien convicted of an aggravated felony.

■ 1. Singh argues unpersuasively that his convictions are not cognizable in the immigration context because his "conviction has been dismissed." *See, e.g., Cardoso–Tlaseca v. Gonzales,* 460 F.3d 1102, 1107 (9th Cir.2006) (citing *Matter of Pickering,* 23 I & N Dec. 621, 624 (BIA 2003)).

The Ninth Circuit has explicitly held that convictions expunged pursuant to California Penal Code § 1203.4, the statute from which Singh benefitted, remain convictions for immigration purposes. *See Ramirez–Castro v. INS,* 287 F.3d 1172, 1175 (9th Cir.2002) ("[A]ssuming that some state expungement statutes could elimi-

nate completely the immigration consequences of a state conviction, California Penal Code section 1203.4 is not such a statute.") (citing *Murillo–Espinoza v. INS,* 261 F.3d 771, 774 (9th Cir.2001)). Singh's argument, that *Lujan–Armendariz v. INS,* 222 F.3d 728, 741 (9th Cir.2000), "stated that a conviction for a crime of moral turpitude may not support an order of deportation if it has been expunged," fails. In *Lujan–Armendariz,* the court explained that the issue before it was "not what effect the new [INA amendment] has on state expungements under state rehabilitation laws in general, but whether the [amendment] repeals the [FFOA]." *Id.* at 742–43.

2. Section 1227(a)(2)(A)(iii) of 8 U.S.C. makes removable any alien convicted of an aggravated felony. Section 1252(a)(2)(C) of 8 U.S.C. divests the federal courts of jurisdiction to review any final order of removal against an alien adjudicated removable by reason of having committed a criminal offense covered in § 1227(a)(2)(A)(iii). If, however, in challenging an agency determination that an alien is removable by reason of committing an aggravated felony, the alien raises a colorable question of law, then 8 U.S.C. § 1252(a)(2)(D) gives the court jurisdiction to resolve the legal question in the first instance. *Cardoso–Tlaseca,* 460 F.3d at 1103. If, upon resolving the legal question, the court determines the alien was convicted of an aggravated felony, the jurisdictional bar of § 1252(a)(2)(C) prevents the court from proceeding with any further review of the agency decision.

■ Here, Singh raises the colorable legal question of whether the BIA's determination was correct that his California con-

* The Honorable Gary A. Feess, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

victions constituted an aggravated felony. "The term 'aggravated felony' means murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). The record of conviction in Singh's case contains evidence that he pleaded guilty to acts constituting "sexual abuse of a minor," construing this term by looking to the "ordinary, contemporary, and common meaning" of the words. *United States v. Pallares-Galan,* 359 F.3d 1088, 1100 (9th Cir.2004) ("The undefined [federal] term 'sexual abuse of a minor' is construed by 'employing the ordinary, contemporary, and common meaning of the words that Congress used.'") (citing *United States v. Baron-Medina,* 187 F.3d 1144, 1146–47 (9th Cir. 1999)).

■ Lewdly exposing oneself to a ten-year-old girl meets the definition of "sexual abuse of a minor" and is therefore an aggravated felony. This court has recognized that the common meaning of sexual abuse of a minor includes "[t]he use of young children for the gratification of sexual desires." *Baron-Medina,* 187 F.3d at 1147. "The use of young children as objects of sexual gratification is corrupt, improper, and contrary to good order. It constitutes maltreatment, no matter its form." *Id.*

Singh was charged with "lewdly expos[ing] himself, and the private parts thereof, ... in a place where there were present persons, to wit, Brooke H. (age 10)." He pleaded guilty to violating state statutes proscribing annoying or molesting children and indecent exposure. As the BIA noted, the record of conviction contained sufficient evidence to show that the acts supporting the charges to which Singh pleaded guilty involved the use of a young child for sexual gratification, a form of maltreatment recognized as sexual abuse of a minor.

The BIA did not err in concluding that Singh had been convicted of an aggravated felony. Therefore, § 1252(a)(2)(C) divests this court of jurisdiction to review further this portion of Singh's petition, and it is **DISMISSED.**

■ 3. Singh argues that his conviction cannot be a particularly serious crime because "the maximum penalties of the two California misdemeanors are a fine of one thousand dollars ($1000) and imprisonment not exceeding one year indicates that these offenses do not rise to the level of 'particularly serious crimes.'" Singh's argument addresses, however, only the "automatic" bar to withholding of removal. *See Unuakhaulu v. Gonzales,* 416 F.3d 931, 935 (9th Cir.2005) ("[A]n aggravated felony conviction is considered to be a particularly serious crime ... automatically, if the applicant was sentenced 'to an aggregate term of imprisonment of at least five years[.]'") (quoting 8 U.S.C. § 1231(b)(3)(B)). Singh's argument ignores the "discretionary" bar. *See Matsuk v. INS,* 247 F.3d 999, 1002 (9th Cir. 2001) (The Attorney General has discretion "to determine whether an aggravated felony conviction resulting in a sentence of less than 5 years is a particularly serious crime.") (citing 8 U.S.C. § 1231(b)(3)(B)(ii)). Singh is correct that the two California misdemeanors of which he was convicted carry a penalty consisting of a fine of one thousand dollars ($1000) and imprisonment not exceeding one.year. Nonetheless, the IJ determined that Singh had been convicted of a particularly serious crime. The BIA, exercising its discretionary authority, reached the same conclusion. Because this determination was discretionary, this court has no jurisdiction to review it, and this portion of Singh's petition is **DISMISSED.** *See* 8 U.S.C. § 1252(a)(2)(B)(ii).

4. An alien barred from relief in the form of asylum or withholding of removal may be eligible for "deferral of removal" under the CAT. *See Huang v. Ashcroft,* 390 F.3d 1118, 1121 (9th Cir.2005). Section 1208.16(c)(2) of 8 C.F.R. places the burden of proof on the applicant for CAT relief to prove by a preponderance of the evidence that he will be tortured if removed to the proposed country of removal.

Singh is correct that an adverse credibility finding must be based on specific, cogent reasons, and not mere speculation, conjecture, and unfounded assumptions. *See Zahedi v. INS,* 222 F.3d 1157, 1162–63 (9th Cir.2000); *Shah v. INS,* 220 F.3d 1062, 1068 (9th Cir.2000). He is incorrect, though, that the BIA "failed to cite any legitimate basis for questioning Mr. Singh's testimony."

■ The record supports each reason the BIA articulated as grounds for its incredibility finding. Singh gave contradictory and uncorroborated testimony, and his oral testimony conflicted with the claims set forth in his written application and with his father's testimony. Singh's father testified, contrary to Singh, that the police had not beat him. Singh testified that the police still inquire about him, while his father testified that the police had not asked about Singh for ten years. Singh was unable to explain the inconsistencies in his testimony, and provided evasive answers to specific questions. Singh's written application contained testimony conflicting with his oral testimony. State Department reports for 2002 and 2003 contained no references to an active Sikh insurgency.

The record contains substantial evidence supporting the BIA's conclusion that Singh does not qualify for deferral of removal under the CAT. The evidence presented would not compel a reasonable finder of fact to reach a contrary result. Singh's

challenge to the BIA's adverse credibility finding is **DENIED.**

**DISMISSED** in part; **DENIED** in part.