

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2007

# Crosby v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3804

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Crosby v. Atty Gen USA" (2007). *2007 Decisions*. Paper 909.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/909

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3804

CLYNT CROSBY TAYLOR,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,

Respondent

On Petition for Review of an Order
of the Immigration Judge
Agency No. A75 842 980
on October 22, 2002

No. 06-2112

CLYNT CROSBY,

Appellant

v.

DEPARTMENT OF HOMELAND SECURITY (DHS);
BICE; OSCAR AVILES, Warden/Director

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-04650)
District Judge: Honorable Joel A. Pisano

Submitted Under Third Circuit LAR 34.1(a)
May 14, 2007

Before: RENDELL, HARDIMAN and COWEN, <u>Circuit Judges</u>.

(Filed: June 20, 2007)

OPINION

PER CURIAM

Before us are two consolidated matters involving Clynt Crosby, a native of

Trinidad and Tobago. Both matters began as habeas petitions in the United States District

Court for the District of New Jersey. One, originally docketed in the District Court at 03-

CV-00791, was transferred here pursuant to the REAL ID Act of 2005, § 106(c), Pub. L.

No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005) to be treated as a petition for review.

The other, docketed in the District Court at 05-CV-04650, comes to us as an appeal of an

order denying Crosby's habeas petition challenging his immigration detention. For the

reasons explained below, we will deny the petition for review for failure to exhaust

administrative remedies, and we will affirm the District Court's denial of Crosby's petition

for a writ of habeas corpus.

I. Facts and Procedural History

2

Crosby appeared before an Immigration Judge ("IJ") on October 22, 2002, and through counsel conceded removability as an alien present in the United States without being admitted or paroled. The IJ found Crosby removable and granted voluntary departure. Crosby's attorney waived the right to appeal. After failing to voluntarily depart on time, Crosby was taken into INS custody on February 5, 2003.

Shortly thereafter, on February 21, 2003, Crosby filed with the IJ a pro se motion to reopen proceedings, asserting derivative U.S. citizenship and ineffective assistance by the attorney who represented him before the IJ and who waived his right to appeal. The IJ denied Crosby's motion to reopen. The BIA affirmed the IJ's decision on July 28, 2003 and informed Crosby that it would entertain a motion to reopen if Crosby obtained documents to support his claim of citizenship. This court denied Crosby's petition for review of the BIA's order affirming the IJ's denial of his motion to reopen. Crosby v. Attorney General, No. 03-3458 (3d Cir. Dec. 12, 2004).

Also in February 2003, Crosby filed a habeas corpus petition in the District Court. In that petition, he again asserted U.S. citizenship and raised the ineffective assistance of counsel at the hearing before the IJ. The District Court stayed Crosby's removal, and after the enactment of the REAL ID Act of 2005, transferred the habeas petition to this Court to be treated as a petition for review (C.A. No. 05-3804).[1]

---

[1] The stay of removal entered by the District Court remains in effect pursuant to a Special Notice with respect to cases subject to transfer under the REAL ID Act, issued on June 16, 2005 by the Chief Judge of this Court.

Crosby filed a second habeas corpus petition in the District Court in September 2005, this time challenging the legality of his continued detention without periodic review. The District Court determined that Crosby had received appropriate periodic reviews and that his continued detention while awaiting removal is lawful. Crosby filed a notice of appeal from the order denying habeas relief (C.A. No. 06-2112). The appeal was consolidated with the pending petition for review in this Court.

## II. Discussion

### A. Petition for Review

We construe Crosby's petition as seeking review of the Immigration Judge's removal order, including his decision to deny a continuance. Crosby also claims that he was denied the effective assistance of counsel because his attorney conceded he was removable and waived his appeal, that he was improperly denied an extension of time to voluntarily depart, and that his motion to reopen was improperly denied.

Pursuant to 8 U.S.C. § 1252(d)(1), this Court may only review a final order of removal if "the alien has exhausted all administrative remedies available to the alien as of right." Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003). As noted above, Crosby did not appeal the IJ's decision in this case, as he had waived the right to appeal to the BIA. However, he could have (and eventually did) file a motion to reopen to raise his claim of attorney ineffectiveness, his claim that the IJ improperly denied a continuance, and his claim that he is a citizen. Although reopening is not a remedy available as of right,

4

we will require exhaustion here as a prudential matter.[2]  Here, at the time Crosby filed his

first habeas petition, the agency had not had an opportunity to consider the claims Crosby

now wishes to raise.  See also, 8 U.S.C. § 1252(b)(4)(A) (court may only decide the

petition on the administrative record on which the order of removal is based).  Although

motions to reopen are generally discouraged, where, as here, there is allegedly new

information that goes to the heart of the removal order, requiring a motion to reopen will

allow the agency to review the matter in the first instance. Cf. Marrero v. INS, 900 F.2d

772 (3d Cir. 1993) (requiring alien to file motion to reopen with immigration court before

he could challenge in absentia removal order).  We therefore decline to reach the merits of

Crosby's arguments, because he had failed to exhaust administrative remedies at the time

he filed his petition.

Further, we have already ruled on the majority of Crosby's claims.  In appeal

number 03-3458, we held that the BIA's affirmance of an IJ's order denying his motion to

reopen was not an abuse of discretion, as "Crosby had failed to submit evidence either of a

blood relationship with [his alleged U.S. citizen father] or that he was legitimated under

the laws of Trinidad and Tobago."  We also noted that Crosby had failed to comply with

---

  [2] Factors to consider in deciding whether to require exhaustion as a prudential matter
include whether "(1) agency expertise makes agency consideration necessary to generate
a proper record and reach a proper decision;  (2) relaxation of the requirement would
encourage the deliberate bypass of the administrative scheme;  and (3) administrative
review is likely to allow the agency to correct its own mistakes and to preclude the need
for judicial review."  Huang v. Ashcroft, 390 F.3d 1118, 1123 (9th Cir. 2004) (citations
omitted).

5

the requirements of <u>Matter of Lozada</u>, 19 I & N. Dec. 637 (BIA 1988) in conjunction with his ineffective assistance claim, and that we lacked jurisdiction to review or extend an order of voluntary departure.[3]

Assuming without deciding that we could consider anew Crosby's citizenship claim despite a failure to exhaust administrative remedies; <u>see</u> <u>Theagene v. Gonzales</u>, 411 F.3d 1107, 1110 (9th Cir. 2005); we note that Crosby has not provided, nor alleged that he has, evidence to show a blood relationship with his alleged father and evidence that he was legitimated under the laws of Trinidad and Tobago. <u>See</u> 8 U.S.C. § 1409(a). As we noted in our previous opinion, Crosby could file a motion to reopen with the BIA if he obtains such evidence.[4]

B.     Continued Detention

Crosby, who is subject to a final order of removal, is detained pursuant to 8 U.S.C. § 1231(a). That statute provides that the Attorney General shall remove an alien within a removal period of 90 days. In Crosby's case, the removal period has not yet begun. The

---

[3] Assuming we could reach the merits of Crosby's remaining claim; that the IJ abused his discretion in denying his request for a continuance, we would find that the IJ did not abuse his discretion. The transcript of the hearing before the IJ shows that Crosby's attorney did have some chance to speak with him and with friends he had brought to the hearing, and that the IJ gave Crosby a chance to ask questions. At no point did Crosby raise the claim that he was a U.S. citizen, nor did he protest the waiver of his appeal rights. As the IJ was not made aware of any reason why a continuance might be helpful, it was not an abuse of discretion to refuse the request.

[4] We recognize that any motion to reopen filed now would be untimely. <u>See</u> 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within 90 days). However, the BIA may exercise its <u>sua</u> <u>sponte</u> discretion to reopen at any time. <u>See</u> 8 C.F.R. § 1003.2(a).

removal period begins on the latest of (1) the date the order of removal becomes administratively final; (2) if the removal order is judicially reviewed and if a court orders a stay of the alien's removal, the date of the court's final order; and (3) if the alien is confined (except under an immigration process), the date the alien is released from confinement. 8 U.S.C. § 1231(a)(1)(B). Section two applies here, as Crosby's removal order is in the process of being judicially reviewed, and the District Court ordered a stay of his removal which remains in effect. Crosby's removal period will begin when this Court decides his petition for review and the stay is lifted. Thus, any challenge to his post-removal order detention is premature.

We recognize that Crosby's detention has been prolonged. However, the length of his detention is attributable to the stay of removal during judicial review. The stay of removal is hereby lifted. We note that there does not appear to be any obstacle to Crosby's removal in the reasonably foreseeable future.[5]

For the foregoing reasons, the petition for review will be dismissed and the District Court's order denying the petition for a writ of habeas corpus will be affirmed.[6]

---

[5] Crosby can of course file a new habeas petition if for some reason his removal does not appear to be reasonably foreseeable.

[6] All outstanding motions are denied as moot.

7