Samnang **CHOUB**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–74189.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed Aug. 14, 2007.

---

* This panel accepts this case for submission without oral argument. *See* Fed. R.App. P.   34(f).

Before: SILVERMAN, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Samnang Choub petitions for review of a BIA order dismissing his claims for asylum, withholding of removal, and protection under the United Nations Convention Against Torture (CAT). We agree with the BIA that Choub is ineligible for asylum and withholding of removal. However, we hold that Choub is entitled to deferral of removal under CAT.

Steve Paek, Law Office of Steve Paek, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., William C. Peachey, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

■ By statute, aliens who engage in terrorist activity are ineligible for both asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(2)(A)(v), 1231(b)(3)(B)(iv). An alien engages in terrorist activity by providing "material support" to a terrorist organization. *See id.* §§ 1182(a)(3)(B)(i)(I), (iv)(VI)(dd). Choub's activities—supplying information to the Cambodian Freedom Fighters (CFF) about the Cambodian government's plans to arrest CFF members and about the strength of the Cambodian military in certain areas—constitute material support. The CFF qualifies as a terrorist organization within the meaning of the Immigration and Nationality Act (INA) because the group has undertaken activities, including an armed assault on Phnom Penh, in an effort to overthrow the Cambodian government. The fact that Choub and the CFF claim to be motivated by their desire to advance democracy in Cambodia is immaterial: The terrorism-related provisions of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1182 do not provide exceptions based upon an organization's political beliefs. *See id.* § 1 182(a)(3)(B)(vi)(III); *see also In re S–K–,* 23 I. & N. Dec. 936, 941 (BIA 2006) ("Congress intentionally drafted the terrorist bars to relief very broadly, to include even those people described as 'freedom fighters,' and it did not intend to give us discretion to create exceptions for members of organizations to which our Government might be sympathetic."); *cf. McAllister v. Att'y Gen.,* 444 F.3d 178, 188 (3d Cir.2006) (noting that § 1182 does not create a "political offense" exception to the definition of terrorist activity).

Because Choub is ineligible for withholding of removal pursuant to the INA, he is also ineligible for withholding of removal pursuant to CAT. *See* 8 C.F.R. § 1208.16(c)(4), (d)(2). However, Choub remains eligible for CAT protection "in the form of deferral of removal." *Id.* § 1208.16(c)(4); *see also id.* § 1208.17(a). Choub expressly raised and exhausted his CAT claim before the BIA, so, contrary to the government's assertions, we have jurisdiction. *Cf. Huang v. Achcroft,* 390 F.3d 1118, 1123 (9th Cir.2005) (as amended) (noting that an alien "need not apply separately for deferral because this form of protection will be accorded automatically, based on the withholding application, to an alien who is barred from withholding but is likely to be tortured in the country of removal").

Under CAT, an alien may not be removed if he "establish[es] that it is more likely than not that he ... would be tortured if removed to the proposed country of removal." *Id.* § 1208.16(c)(2). We conclude that substantial evidence does not support the determination of the IJ and BIA that there is an insufficient likelihood of torture to warrant relief. The IJ stated only that he did not "believe that anything that happened to" Choub constituted tor-

ture. The relevant question, however, is whether it is more likely than not that Choub will be tortured if returned to Cambodia. It is the IJ's responsibility to consider "all evidence relevant to the possibility of future torture." *Id.* § 1208.16(c)(3).

The State Department's 2002 Country Report on Human Rights Practices in Cambodia, which was before the IJ, indicates that the Cambodian government has cracked down on CFF members and that political prisoners in Cambodia have been "tortured, beat[en], and otherwise abused." *See Kamalthas v. INS,* 251 F.3d 1279, 1280 (9th Cir.2001) (noting that "country conditions alone can play a decisive role in granting relief under the Convention"). Moreover, Choub testified that fellow CFF members, including the man to whom he reported, had been detained and tortured while in custody. Choub stated that he expected to suffer the same fate. *See* 8 C.F.R. § 1208.16(c)(2) (noting that an alien's testimony, "if credible, may be sufficient to sustain the burden of proof without corroboration"). Although the IJ made an adverse credibility finding against Choub, the BIA expressly disavowed that finding. We therefore consider Choub's testimony to be truthful. Taken together, the Country Report and Choub's testimony indicate that it is more likely than not that Choub will be tortured if returned to Cambodia. We therefore hold that Choub is entitled to deferral of removal under CAT, and we remand to the BIA for entry of an order granting that relief.

Choub also asks the panel to remand his case so that he may adjust his status based upon his marriage to a U.S. citizen. Because a motion to remand is not the proper way to obtain review of this unexhausted claim, we deny Choub's request. However, Choub may seek relief by filing a motion to reopen with the BIA

pursuant to 8 C.F.R. § 1003.2. *See, e.g., Khourassany v. INS,* 208 F.3d 1096, 1099 (9th Cir.2000); *Ortiz v. INS,* 179 F.3d 1148, 1152 (9th Cir.1999). We express no view on the merits of such a motion.

**Petition for Review DENIED in part, GRANTED in part, and REMANDED.**