**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OVSEP ALEKSANOVICH POLADYAN, | No. 10-72856 |
| Petitioner, | BIA A071-046-044 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General | MEMORANDUM[*] |
| Respondent . | |

Appeal from the Board of Immigration Appeals
Argued and Submitted November 28, 2011
San Francisco, California

Before: THOMAS and CLIFTON, Circuit Judges, and PRO,[**] District Judge.

Petitioner Ovsep Aleksanovich Poladyan ("Poladyan"), a native of Armenia,

petitions for review of the Board of Immigration Appeals' ("BIA") order affirming

the Immigration Judge's ("IJ") decision denying Poladyan asylum under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation.

Immigration and Nationality Act ("INA"), withholding of removal under the INA, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. An exception to the jurisdiction stripping provision of § 1252(a)(2)(C) allows us to determine whether Poladyan was convicted of an aggravated felony. *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1064-65 (9th Cir. 2003). The jurisdiction stripping provision also does not apply to our review of Poladyan's claims of withholding of removal and relief under CAT because the BIA denied these claims on the merits. *Bromfield v. Mukasey*, 543 F.3d 1071, 1075 (9th Cir. 2008). We deny the petition for review.

The BIA did not err in concluding that the conviction record establishes that Poladyan was convicted of possession of methamphetamine for sale, an aggravated felony which renders him ineligible for asylum. 8 U.S.C. § 1158(b)(2)(A)(ii), (b)(2)(B)(i). The BIA properly considered the felony complaint, which shows that Poladyan was charged with possession of methamphetamine for sale, and the minute order, which indicates that Poladyan pled nolo contendere to the same charge described in the felony complaint. *United States v. Snellenberger*, 548 F.3d 699, 701-02 (9th Cir. 2008) (en banc) (per curiam). We decline to consider Poladyan's arguments, made for the first time at oral argument, that under the modified categorical approach (1) a nolo contendere plea under California law

should be treated differently from a guilty plea and (2) Poladyan's pleading stage admissions and concession are not binding.  Further, we deny Poladyan's Motion to File a Supplemental Brief.

Further, substantial evidence supports the BIA's conclusion that Poladyan did not qualify for withholding of removal because he failed to prove a clear probability of persecution on account of his religion.  *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010); *see also* 8 C.F.R. § 1208.16(b).

Finally, the BIA did not err in denying Poladyan relief under the CAT. Substantial evidence supports the BIA's denial because Poladyan failed to establish that more likely than not he would be tortured if removed to Armenia.   8 C.F.R. § 1208.16(c)(2); *Huang v. Ashcroft*, 390 F.3d 1118, 1122 (9th Cir. 2004).

We lack jurisdiction to hear Poladyan's due process claim.  *Vargas v. INS*, 831 F.2d 906, 907-08 (9th Cir. 1987).


PETITION FOR REVIEW DENIED.