TALLMAN, Circuit Judge,
concurring in part and dissenting in part:
I respectfully dissent from Part II of today’s opinion.
The Immigration Judge conducted a two-day evidentiary hearing on the merits of Vinh Tan Nguyen’s CAT protection claim. After considering the evidence, he issued a 35-page decision denying relief. The Board of Immigration Appeals, in its own lengthy order, also concluded that Nguyen failed to prove that he would more *1034 likely than not be tortured if returned to Vietnam. This is an unusually thorough and carefully explicated agency decision.
My colleagues disagree with the IJ and BIA. I think it’s close. But, under the substantial evidence standard of review, close isn’t good enough. Rather, we may part ways with the BIA only if the record evidence would compel a reasonable adjudicator to do so. See Tampubolon v. Holder, 610 F.3d 1056, 1059 (9th Cir.2010); 8 U.S.C. § 1252(b)(4)(B).
The majority believes that the Vietnamese government knows about Nguyen’s activities with the Government of Free Vietnam (GFVN). Even if Vietnam is aware of Nguyen’s opposition activities, the BIA provided several persuasive reasons why Nguyen failed to show that he would more likely than not be tortured.
First, the BIA observed that the IJ found “little evidence that Vietnam considers the GFVN to be a significant threat.” Indeed, a Harvard-trained expert on Vietnam’s country conditions and legal system testified that Vietnam viewed Nguyen’s organization as “a joke” and would not torture Nguyen. That is certainly substantial evidence.
Second, the BIA relied on the IJ’s finding that, although some GFVN members have been arrested and subjected to harsh prison conditions in Vietnam, those individuals were detained for reasons other than their GFVN membership. They were arrested, for example, for engaging in human rights advocacy while in Vietnam on behalf of the United States International Mission. The majority ignores the reasons why these GFVN members were arrested. By doing so, the majority makes it seem more likely that Nguyen will be detained because of his involvement with the GFVN. Maj. Op. at 1030-31 (concluding that because “the Vietnamese government routinely arrests and imprisons members of the [GFVN],” and Nguyen is a known member of the GFVN, “Nguyen is [ ] likely to be imprisoned if he is removed to Vietnam.”). As the BIA and IJ explain, that causal link is simply not supported by the record.
Finally, the BIA agreed with the IJ’s conclusion that the harsh treatment experienced by some political prisoners in Vietnam “did not so frequently rise to the level of ‘torture’ that [Nguyen] could be presumed to face such extreme treatment” in Vietnam. The majority disagrees. It cites evidence that certainly indicates that torture sometimes occurs in Vietnam. But the BIA recognized as much. The BIA concluded, however, that the record evidence “does not establish that such severe physical mistreatment is a common occurrence, or that it would more likely than not be inflicted on [Nguyen] personally.” The existence of occasional acts of torture does not compel the conclusion that Nguyen would more likely than not be tortured.[1]
In post-REAL ID Act eases like this one, we must be particularly diligent in according appropriate deference to the BIA by limiting our review to substantial *1035 evidence. The immigration courts of the Executive Branch earn that deference with their unique expertise “in evaluating torture claims, particularly those arising under CAT.” Huang v. Ashcroft, 390 F.3d 1118, 1123 (9th Cir.2004). They also bear responsibility “for ensuring that decisions about [CAT relief] are uniform and consistent.” Id. For this reason, we have been cautioned not to “intrude upon the domain which Congress has exclusively entrusted to an administrative agency.” Ventura, 537 U.S. at 16, 123 S.Ct. 353 (internal quotations omitted). Here, the lengthy decisions on review demonstrate that the agency carefully considered the relief sought under the Treaty. I am unwilling to assume the Executive Branch is derelict in its duties when such a full and complete explanation evaluating all of the evidence accompanies the decision to deny relief.
The petition as to CAT relief should be denied.

. Even if I agreed with my colleagues on the merits, I disagree with their decision to remand with instructions to grant Nguyen CAT relief. Rather, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.” INS v. Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (quotations and citations omitted). This is particularly appropriate here where the majority supports its conclusion with country report data that is nearly six years old. See Lopez v. Ashcroft, 366 F.3d 799, 806 (9th Cir.2004) ("[R]emand could lead to the presentation of further evidence of current circumstances in [the country of removal] — evidence that may well prove enlightening ... in light of the more than five years that have passed since the 1998 State Department Country Report, relied on by the BIA, was written.”).