NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PEDRO REYES-CASANOVA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 17-73230

Agency No. A022-795-173

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2021[**]
Pasadena, California

Before: BYBEE and BRESS, Circuit Judges, and CARDONE,[***] District Judge.

Pedro Reyes-Casanova (Petitioner), a national of Cuba, petitions for review

of the Board of Immigration Appeals' (BIA) denial of his motion to reopen his

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

immigration proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denials of motions to reopen for abuse of discretion. *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010). The BIA's resolution of purely legal questions is reviewed *de novo*. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). Factual findings are reviewed for substantial evidence and reversal is warranted only where the record compels a contrary conclusion. *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1243 (9th Cir. 2019). We deny the petition for review.

1.      The BIA did not err in denying as untimely Petitioner's motion to reopen to seek relief under the Convention Against Torture (CAT). Motions to reopen generally must be filed within ninety days of the BIA's final decision in a case. 8 C.F.R. § 1003.2(c)(2). Petitioner contends that his motion to reopen was timely even though it was filed over fifteen years after the BIA issued a final decision in his case on December 6, 2001. But Petitioner's reliance on 8 C.F.R. § 208.18(b)(2) is misplaced because motions to reopen pursuant to this regulation had to be filed by June 21, 1999, which was approximately eighteen years before Petitioner filed the motion to reopen at issue in this case. *See* 8 C.F.R. § 208.18(b)(2)(i); *Huang v. Ashcroft*, 390 F.3d 1118, 1120–21 (9th Cir. 2004).

In addition, the BIA did not err in finding that Petitioner's motion to reopen does not fit within the timeliness exception set out in 8 C.F.R. § 1003.2(c)(3)(ii).

2

When the BIA determined that § 1003.2(c)(3)(ii) was inapplicable to Petitioner's case, it rejected as "inherently unbelievable" his affidavit attached to his motion to reopen in which he claimed, for the first time, that he was a political prisoner in Cuba for five years and tortured during this period. Substantial evidence supports this factual finding. *See Hamid v. I.N.S.*, 648 F.2d 635, 637 (9th Cir. 1981).

At any rate, Petitioner does not explain how the fact that he was a political prisoner in Cuba, the other details in his affidavit, or any other materials attached to his motion to reopen, demonstrates changed country conditions within Cuba. *See Rodriguez v. Garland*, 990 F.3d 1205, 1207 (9th Cir. 2021) ("Without a showing that *country* conditions have changed, the motion to reopen need not be granted—mere changes in a petitioner's *personal* circumstances are not sufficient."). Nor did Petitioner explain why this evidence could not have been presented during earlier proceedings. *See Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005) (citing 8 C.F.R. § 1003.2(c)(1)).

2. The BIA did not err in denying Petitioner equitable tolling of the ninety-day deadline to move to reopen based on a fundamental change in the law. Petitioner did not identify any deception, fraud, or error that prevented him from timely moving to reopen his case. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011). Instead, Petitioner asserts that he could not have moved for a specific type of immigration relief in 2003, but learned of his potential eligibility for such relief

3

after meeting with his current lawyer in January 2017. This is insufficient to demonstrate the due diligence necessary to trigger equitable tolling. *See Valeriano v. Gonzales*, 474 F.3d 669, 673 (9th Cir. 2007) (explaining that equitable tolling is available only when the invoking party is not able to obtain vital information due to circumstances beyond his or her control); *Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 845 (9th Cir. 2006) (citation omitted) (holding that, for equitable tolling to apply, circumstances beyond one's control must "go beyond a garden variety claim of excusable neglect").

3.      The BIA did not err when it declined to exercise its authority to *sua sponte* reopen Petitioner's case. We lack jurisdiction to consider Petitioner's contention that he pointed to a fundamental change in the law justifying *sua sponte* reopening. *See Bonilla v. Lynch*, 840 F.3d 575, 585–86 (9th Cir. 2016); *accord Lona v. Barr*, 958 F.3d 1225, 1230, 1232–35 (9th Cir. 2020).

Regardless, the BIA's alternative holding that Petitioner was not entitled to *sua sponte* reopening because he could have applied for relief under the former § 212(c) of the Immigration and Nationality Act (INA) in his 1997 immigration proceedings is not erroneous.

The former INA § 212(c) was codified as 8 U.S.C. § 1182(c) and repealed by § 304(b) of the Illegal Immigration Reform and Immigration Responsibility Act (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996). Petitioner

4

concedes that his 1997 deportation proceedings began on March 20, 1997, or ten days before IIRIRA's April 1, 1997, effective date. *See Pascua v. Holder*, 641 F.3d 316, 319 (9th Cir. 2011). And IIRIRA "contains transitional rules that instruct courts not to apply IIRIRA in proceedings that began before the statute's effective date of April 1, 1997." *Id.* As such, Petitioner could have applied for former § 212(c) relief in 1997, irrespective of the fact IIRIRA terminated its availability. *See id*. at 320–21. To this point, the Immigration Judge (IJ) raised the question of former § 212(c) relief several times.

4.      The BIA did not err when it declined to *sua sponte* reissue its December 6, 2001, final decision in Petitioner's case. When the BIA ruled on this request, it acknowledged that, in Petitioner's supporting affidavit, he stated that he never received the BIA's final decision. The BIA rejected this argument: "We decline to grant this request because [Petitioner] has been reporting to DHS since 2003. Therefore, [Petitioner] either knew that a final administrative decision had been issued, or should have been aware, but did not seek reissuance." The BIA therefore satisfied its obligation to both consider the "weight and consequences" of Petitioner's affidavit and articulate why it was insufficient to establish lack of notice. *See Hernandez-Velasquez*, 611 F.3d at 1078; *Singh v. Gonzales*, 494 F.3d 1170, 1172–73 (9th Cir. 2007).

**PETITION DENIED IN PART AND DISMISSED IN PART.**