Lee v. Holder

BIA
Nelson, IJ
A073 776 201

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of September, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> > *Circuit Judges.*

_____

LEE TING,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

09-3532-ag
NAC

| | |
|---|---|
| FOR PETITIONER: | Douglas B. Payne, New York, New York. |
| FOR RESPONDENT: | Tony West, Assistant Attorney General, Civil Division; Cindy S. Ferrier, Senior Litigation Counsel; Michelle Y.F. Sarko, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lee Ting ("Lee"), a native and citizen of the People's Republic of China, seeks review of a July 20, 2009, order of the BIA affirming Immigration Judge ("IJ") Barbara A. Nelson's April 30, 2008, denial of his motion to reopen. *In re Lee Ting,* No. A073 776 201 (B.I.A. July 20, 2009); *aff'g* No. A073 776 201 (Immig. Ct. N.Y. City April 30, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may only file one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, the time and number limitations do not apply to motions to reopen *in absentia* exclusion proceedings if the alien establishes reasonable cause for his failure to appear at the exclusion hearing. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(B); *Matter of N-B-*, 22 I. & N. Dec. 590, 591 (BIA 1999).

2

The BIA found that the ineffective assistance of Lee's former counsel, who advised him not to attend the August 1995 hearing at which he was ordered removed *in absentia*, constituted reasonable cause for Lee's failure to appear. However, the BIA went on to find that Lee failed to exercise due diligence in seeking to reopen his proceedings because he waited nearly thirteen years after the *in absentia* exclusion order to file his motion to reopen. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006) (noting that "no matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled"); *see also Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008) (in order to equitably toll the filing deadline for a motion to reopen based on ineffective assistance of counsel, an alien must demonstrate that he or she has exercised due diligence both before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed). Even though Lee was in exclusion proceedings and there was no deadline applicable to his motion to reopen, it

3

does not follow that the BIA was foreclosed from denying his motion as a matter of discretion, based on its finding that Lee failed to exercise due diligence in the thirteen years after he became aware he had been ordered excluded. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). Our requirement that aliens exercise due diligence in the equitable tolling context applies with equal force in this situation. *See Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000). Furthermore, Lee failed to exhaust his argument that considerations of family unity should outweigh his lack of due diligence by not raising it in his motion to reopen or his brief to the BIA. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). In any event, the regulations to which Lee cites, 8 C.F.R. § 236.10-18, are inapposite to his case, as they relate to immediate relatives of Seasonal Agricultural Workers and "Amnesty or Cuban/Haitian entrants."

Moreover, the BIA also did not abuse its discretion in denying reopening as Lee was statutorily ineligible to apply to the IJ for adjustment of status because he was in exclusion proceedings. *See* 8 C.F.R. §§ 245.2(a)(1) and 1245.2(a)(1); *see also Matter of Castro*, 21 I. & N. Dec. 379 (BIA 1996).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk