NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2085

_____

XIU HUA LIN,
a/k/a Xiu Yua Lin,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A070-838-767)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 26, 2012

Before:  FUENTES, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: January 3, 2013)
_____

OPINION
_____

PER CURIAM

    Xiu Hua Lin petitions for review of the Board of Immigration Appeals' ("BIA")

order denying her motion to reopen and to reconsider its previous denial of reopening.

We will deny the petition.

I.

We recite only those parts of the protracted background of this case relevant to our disposition. Lin is a citizen of China who entered the United States without inspection in 1993. The Government charged her as excludable for lacking valid entry documents and for attempting to obtain them by misrepresentation. When Lin failed to appear for a hearing in 1994, the Immigration Judge ("IJ") ordered her deportation in absentia.

Following later proceedings under a different alien registration number, Lin moved to reopen her original proceeding in 2008 through counsel, Andre R. Sobolevsky. She argued that she had not received notice of the 1994 hearing and that the notice to appear sent to her former address had been returned to the Immigration Court as undeliverable. On January 14, 2009, the IJ denied the motion on the ground that the record revealed it to be "simply not credible" and "potentially misleading." Lin appealed to the BIA, but the BIA agreed with the IJ and dismissed her appeal on April 7, 2010. Lin did not petition this Court for review.

Shortly thereafter, Lin retained present counsel, who filed a motion to reopen directly with the BIA. Lin argued that previous counsel Sobolevsky rendered ineffective assistance by filing the motion to reopen with the IJ in 2008 without having met with her. She further disavowed the contents of that motion and asserted a different reason for not having received notice of the 1994 hearing—that she was victimized by a travel agency's unauthorized practice of law. She now claimed that she had taken the 1993 charging document to a travel agency and that someone there told her that the agency would "just take care of it." She also claimed that the travel agency gave the IJ a wrong address for

2

her. In addition, she recounted various efforts she had taken to move her case forward over the years. Among other things, she claimed to have consulted an attorney in 2002, who "told me that there was nothing to be done in my case, and if anyone told me otherwise, they were certainly lying to me." She claimed that "I felt so defeated when I heard this, and I didn't know what else to do" until 2006, when she "heard about a law firm . . . that was famous for opening 'dead cases.'" She argued that, under the circumstances, she pursued her case with reasonable diligence.

The BIA denied the motion to reopen on June 3, 2011, for three reasons. First, the BIA concluded that the requirements of In re Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988), apply to claims of "ineffective assistance" by non-lawyers and that Lin had not satisfied those requirements. Second, and alternatively, the BIA concluded that reopening was not warranted in the exercise of its discretion because Lin had not shown due diligence in protecting her rights, particularly between 2001 and 2006. Finally, the BIA concluded that Lin could not show prejudice from any ineffective assistance by Sobolevsky because her lack of diligence in the years before retaining him meant that reopening was not warranted in any event. Once again, Lin did not petition for review.

Instead, and through the same counsel, she filed with the BIA the motion at issue here. Lin requested that the BIA both reconsider its prior ruling and reopen her proceeding on the basis of the same evidence she had presented before. She also attached new evidence showing that the Second Circuit Court of Appeals and the BIA have suspended Sobolevsky for misconduct unrelated to her case. The BIA denied the motion on March 26, 2012. With regard to reconsideration, the BIA concluded that the motion

3

was untimely because it was not filed within 30 days of its last decision. See 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2). With regard to reopening, the BIA noted that it had previously considered Lin's evidence in connection with her prior motion and that Lin had shown "no reason to alter that decision." The BIA also concluded that Lin's new evidence concerning Sobolevsky does not "address or overcome" its previous ruling regarding Lin's lack of diligence. Lin petitions for review.[1]

## II.

We begin by clarifying our scope of review. Lin did not petition for review of the BIA's ruling of June 3, 2011, denying her initial motion to reopen. We thus lack jurisdiction to review that ruling directly. See Stone v. INS, 514 U.S. 386, 405 (1995). Our jurisdiction is limited instead to the BIA's ruling of March 26, 2012, denying Lin's motion for reconsideration of the June 3 ruling and for reopening.

That motion presented only three things that were not contained in Lin's previous motion. First, Lin argued that the BIA's imposition of the Lozada requirements on her claim regarding the travel agency in its June 3 ruling was contrary to law. Second, Lin challenged the BIA's alternative conclusion in its June 3 ruling that she had not exercised due diligence by arguing that she had indeed exercised reasonable diligence under the

---

[1] We have jurisdiction over the BIA's denial of motions for reconsideration and reopening pursuant to 8 U.S.C. § 1252(a)(1), and we review them for abuse of discretion. See Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011). "We give the BIA's decision broad deference and generally do not disturb it unless it is arbitrary, irrational, or contrary to law." Id. (quotation marks omitted). We review the BIA's underlying assessment of the record for substantial evidence, see Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009), but review constitutional claims and legal issues de novo. See Fadiga v. Att'y Gen., 488 F.3d 142, 153-54 (3d Cir. 2007).

circumstances—i.e., that she was entitled to rely on an attorney's advice in 2002 in taking no action for four years until she happened to hear of a different law firm. Finally, she attached the new disciplinary documents regarding her former counsel Sobolevsky.

The first two of these arguments, which Lin repeats on review, were in the nature of arguments for reconsideration. See Castro v. Att'y Gen., 671 F.3d 356, 364 (3d Cir. 2012) ("The BIA has described a motion for reconsideration as a 'request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked.'") (quoting In re Ramos, 23 I. & N. Dec. 336, 338 (BIA 2002)). As the Government points out, however, Lin has raised no argument regarding the denial of reconsideration in her briefs. Instead, her arguments on these issues read as though she were asking us to review the BIA's previous ruling of June 3, not the March 26 ruling actually under review. In an appropriate case, we could construe Lin's arguments as impliedly challenging the BIA's denial of reconsideration and review these issues because a challenge to the denial of reconsideration often requires some review of the underlying ruling. See Castro, 671 F.3d at 364. This, however, is not such a case. The BIA identified these two arguments as seeking reconsideration (BIA Dec. at 1) (citing Motion to Reopen at 8-10), which it expressly denied as untimely. Lin notes that ruling (Pet'r's Br. at 14 & n.12) but does not challenge it on review. Thus, we have no basis to reach these two issues because, even if we agreed with Lin (which we do not decide), the BIA's denial of reconsideration would stand on the basis of a ruling that she does not challenge. See Nagle v. Alspach, 8 F.3d 141, 143-44 (3d Cir. 1993). In any event, Lin's request for reconsideration was indeed untimely,

5

and we cannot say that the BIA abused its discretion in denying it for that reason.[2]

That leaves Lin's successive request for reopening. The BIA denied that request on the grounds that (1) it already had considered Lin's previous evidence and (2) Lin's new evidence concerning Sobolevsky was not relevant to its prior conclusion that Lin failed to exercise due diligence between 2002 and 2006. As the Government notes, Lin raises no argument that the BIA abused its discretion in denying reopening for the first of these reasons and we cannot say that it did. The BIA has broad discretion in denying motions to reopen in general and repetitive motions in particular, see Derezinski v. Mukasey, 516 F.3d 619, 620-21 (7th Cir. 2008), and Lin has raised no argument addressed to the BIA's refusal to entertain her repetitive motion in this case.

As for the BIA's conclusion that Lin's new Sobolevsky documents did not cure her lack of diligence, Lin argues that the BIA erred in requiring a showing of diligence because no time limitation applies to her motion to reopen. See Rodriguez-Manzano v. Holder, 666 F.3d 948, 954-55 (5th Cir. 2012) (so holding). Lin, however, has raised this argument for the first time on review. Lin argued in her initial motion to reopen that she had exercised due diligence in protecting her rights. (A.R. 159.) After the BIA disagreed, she argued in the motion at issue here that she should be deemed to have

---

[2] Lin argues in reply that all issues that the BIA addressed in its June 3 ruling are properly before the Court because the absence of a time limitation on motions to reopen exclusion proceedings (as opposed to motions for reconsideration) means that her motion "is an entirely new motion to reopen" that the BIA referenced its prior June 3 ruling in denying. This argument ignores that fact that Lin expressly sought reconsideration in addition to reopening. All arguments going to the BIA's reasons for denying reopening in its prior June 3 ruling were in the nature of arguments for reconsideration, and the BIA denied reconsideration on the basis of a timeliness ruling that Lin does not and cannot challenge.

exercised due diligence because her inaction between 2002 and 2006 was reasonable under the circumstances. (A.R. 41-43.) She never suggested that the BIA could not require a showing of diligence in the first place. Even if we were inclined to address this issue in the first instance, cf. Huang v. Ashcroft, 390 F.3d 1118, 1123 (9th Cir. 2004) (holding that, although the statutory exhaustion requirement of 8 U.S.C. § 1252(d)(1) does not apply to motions to reopen that are not remedies available "as of right," exhaustion may be required as a prudential matter), we would decline to hold that the BIA abused its discretion in relying on a consideration that Lin never argued was improper and instead affirmatively raised herself.[3]

For these reasons, we will deny the petition for review

---

[3] We thus need not and do not decide whether Rodriguez-Manzano is persuasive. For purely informational purposes, however, we note that other courts have reached different conclusions. See, e.g., Derezinski, 516 F.3d at 620-21 (approving BIA's reliance on lack of diligence to deny a motion to reopen that was not subject to a time limitation); Lee Ting v. Holder, 391 F. App'x 119, 120 (2d Cir. 2010) (not precedential) (same).